UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KELLY LEE PARSONS,

        Plaintiff,

vs.

REGINALD WILKINSON, ET AL.,

        Defendants.

Case No. C2-05-527
District Judge Sargus
Magistrate Judge Kemp

## OPINION AND ORDER

According to his Complaint, Plaintiff Kelly Lee Parsons (Parsons or Plaintiff) is a current State of Ohio prisoner (Comp., Doc. 3-3, p. 1) having been sentenced by the Summit County Court of Common Pleas in August, 1990, to concurrent terms of 10 years to life and 20 years to life pursuant to his pleas of guilty to charges of aggravated robbery and aggravated murder, respectively. Id. at 5. Defendants are five officers or employees of the State of Ohio: Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction (ODRC); Gary Croft, Chairman, and James Burda, Member, of the Ohio Adult Parole Authority (APA), as well as a J. Taylor and a B. Vance, APA Hearing Officers. Id. at 3-4. The Complaint asserts that each is sued in both official[1] and individual capacities. Ibid.

Proceeding *pro se* and in *forma pauperis* (Order, Doc. 5), Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §1983,

---

1. Since Mr. Wilkinson and perhaps other Defendants are no longer state officers, their counsel is invited to address what, if any, addition or substitution of parties is appropriate as respects the official capacity portion of Plaintiff's Complaint.

initially describing his case as a "**Civil Rights Action** ... for damages" resulting from actions and/or inactions of the ODRC and APA that have altered the terms and conditions of the judicially sanctioned plea agreement pursuant to which he entered his pleas of guilty.[2] He contends this violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution "and caused an **Ex Post Facto** violation." Doc. 3-3, pp. 1-2. As relief, Plaintiff seeks both compensatory and punitive damages, and also seeks declaratory judgment respecting the alleged constitutional violations and injunctive relief directing the nature and the timing of further parole hearings in his case. Id. at 10-11..

No answer has been filed by any of the Defendants, but a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) has been filed on their behalf by the Attorney General of Ohio.[3] This case is now before the Court on the Attorney General's motion (Doc. 7) and Plaintiff's response (Doc. 11). Also pending at this time is Plaintiff's Motion for Appointment of Counsel (Doc. 10) filed together with his response; but the Court finds that such an appointment is not required, at least for disposition of this motion.

A motion to dismiss pursuant to Federal Rule 12(b)(6) tests whether a com-

---

2. Plaintiff's guilty pleas allegedly were entered pursuant to his plea agreement with the prosecutor under which death penalty specifications on the aggravated murder charge would be dropped and his sentences would be as they were then imposed by the court. Doc. 3-3, p. 5.

3. The Attorney General asserts reservation of the right to question proper service on any of the Defendants but filing of this motion, now, "to protect the interests of the State." Doc. 7-1, n.1. The Court deems resolution of any questions respecting proper service unnecessary at this time, especially as the docket now reflects return of service on four of the five defendants. Docs. 10, 11.

plaint states "a claim for which relief for which relief can be granted." The long-accepted rule is that such a motion "should not be granted unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering the motion, the court must construe the complaint liberally in the non-movant's favor and accept all factual allegations and permissible inferences therein. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). While a court "need not accept as true legal conclusions or unwarranted factual inferences," Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987), dismissal may not be granted based merely on the court's disbelief of a complaint's factual allegations. Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990). Neither is a complaint required to "set down in detail all the particularities of a plaintiff's claim," Westlake at 858, so long as the defendant is afforded "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley at 47. Stated another way, the motion to dismiss tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994). Consequently, a complaint will not be dismissed unless there is no law to support the claims made, the facts alleged are insufficient to state the claim, or there is an insurmountable bar to the claim on the face of the complaint. See also Rauch v. Day and Night Mfg. Corp., 356 F.2d 697, 702 (6th Cir. 1978).

In support of the motion to dismiss here, the Ohio Attorney General makes essentially two arguments: 1) because Plaintiff has no constitutional or statutory

right to parole, he can have no similar right to an earlier consideration for parole; 2) because Plaintiff's plea agreement did not, and could not, control the APA's sole discretion to determine when, if at all, an inmate is to be eligible for parole, Plaintiff cannot state a claim for failing to apply the parole guidelines in effect at the time he was sentenced. For a combination of reasons, the Court finds neither argument persuasive.

In support of his first argument, the Attorney General relies in particular on two Ohio Supreme Court Cases[4] affirming denial of mandamus sought by Ohio prisoners to compel earlier APA consideration of their paroles. Beyond the fact that issuance of the writ of mandamus under Ohio law may involve special considerations (see Ohio Revised Code, §2731.01, et seq.) that are not part of the requirements for obtaining the relief under 42 U.S.C. §1983 Plaintiff is seeking in this case, it appears the holdings of those cases have been at least modified as they may be applicable here. In <u>Layne v. Ohio Adult Parole Authority</u>, 97 Ohio St.3d 456 (2002), the Ohio Supreme Court was ruling on facts distinguishable from those presented in this case, and the court again recognized the APA,s "wide-ranging discretion in parole matters," as relied on by the Attorney General's argument. <u>Id.</u> at 464. However, <u>Layne</u> goes on to note as an essential part of its rationale: "[T]hat discretion must yield when it runs afoul of statutorily based parole eligibility standards and judicially sanctioned plea agreements." <u>Ibid.</u> Thus, it is clear Ohio does recognize

---

4. <u>State ex rel. Vaughn v. Ohio Adult Parole Authority</u>, 85 Ohio St.3d 378 (1999), and <u>State ex rel. Henderson v. Ohio Adult Parole Authority</u>, 81 Ohio St.3d 267 (1998).

4

some circumstances in which applicable statutory provisions and/or plea agreements may control APA discretion respecting the timing and nature of its parole proceedings. It therefore also does *not* appear beyond a doubt that Plaintiff here "can prove no set of facts in support of his claim that would entitle him to relief." Conley at 45-46.

In addition, Layne also in effect abrogates two Ohio Court of Appeals rulings[5] relied on by the Attorney General in support of his second argument above. See 97 Ohio St. 3d 462, 464. More important with respect to the motion to dismiss in this Court, however, is whether Plaintiff has stated a claim for which federal law provides relief; and it is clear from recent rulings of both our circuit and the United States Supreme Court that it does. In Dotson v. Wilkinson,[6] 329 F.3d 463 (6th Cir. 2003) (en banc), the court was considering appeals by two State of Ohio inmates from dismissals of their separate 42 U.S.C. §1983 claims against the Ohio APA challenging procedures used in determining parole eligibility and suitability in their cases. In reversing both dismissals, the court held:

> ... [W]here a prisoner does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted, we hold such a challenge cognizable under section 1983.

Id. at 472 (footnote omitted). On Certiorari, the Supreme Court affirmed, noting:

---

5. State v. Shaner (July 27, 2000), Logan App. Nos. 8-99-16 and 8-99-17, 2000 WL 1049314, and State v. McMinn (June 16, 1999), Medina App. No. 2927-M, 1999 WL 394811.

6. The same State of Ohio official who is named as a defendant in this case.

> .... Dotson and Johnson [the two Ohio prisoner/plaintiffs] seek relief that will render invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson).... Neither respondent seeks an injunction ordering his immediate or speedier release into the community.... And as in *Wolff*, a favorable judgment will not "necessarily imply the invalidity of [their] conviction[s] or sentence[s]." *Heck, supra*, at 487.... Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term.

Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (some citations omitted) (italics by the Court).[7]

In light of the above, there appears to be no insurmountable bar to the form of Plaintiff's claim in this Court, i.e., action "brought under §1983" (Id. at 75), and his Complaint, especially when given the liberal construction also called for because he is thus far proceeding *pro se* (see Black v. Parke, 4 F.3d 442, 448 (6th Cir. 1993); Kent v. Johnson, 821 F.2d 1220, 1223 (6th Cir. 1987)),[8] it cannot be said that his allegations are necessarily insufficient to support his claim. It may be that the detailed facts of Plaintiff's particular case as developed by the evidence will, in the end, not be sufficient to justify any of the relief he seeks, but that question is not before the Court at this point. "The object of a motion under Fed.R.Civ.P. 12(b)(6)

---

7. Neither of these rulings is mentioned, much less explained, in the Attorney General's memorandum arguing for dismissal of Plaintiff's Complaint in this case.

8. "Dismissals of complaints filed under the civil rights statutes are scrutinized with special care, *Brooks v. Seiter*, 779 F.2d 1177, 1180 (6th Cir.1985), and pro se complaints are held to even 'less stringent standards than formal pleadings drafted by lawyers.' *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)." 821 F.2d at 1223.

is to test the sufficiency of the pleading." Davis H. Elliot Co., Inc. v. Caribbean Utilities Co., Ltd., 513 F.2d 1176, 1182 (6th Cir. 1975).

In connection with the present motion, "matters outside the pleading" have been presented to the Court, particularly by Plaintiff in his response, and the Court is well aware that Rule 12(b) provides for consideration of such matters by treating the motion as one for summary judgment under Rule 56. However, acceptance of such matter beyond the pleadings and summary judgment treatment of the motion is discretionary (see Cole v. World Wrestling Fed., 155 F.R.D. 27, 28 n.2 (N.D.N.Y. 1994) (citing cases from the Second and Third Circuit Courts of Appeals, as well as Wright & Miller, *Federal Practice and Procedure*)), and the procedural posture of this case at present[9] convinces this Court that summary judgment treatment would be difficult at best, if proper at all, and that it should not be undertaken here.

Consistent with the foregoing, the Ohio Attorney General's Motion To Dismiss Plaintiff's Complaint (Doc. 7) is DENIED, and Defendants are directed to Answer or otherwise plead within 20 days of this Order. The Court will rule on Plaintiff's Motion for Appointment of Counsel (Doc. 10) following such further pleading.

SO ORDERED.

_____  
Date

_____  
Edmund A. Sargus, Jr.  
United States District Judge

8-8-2006

---

9. Matters in addition to Plaintiff's Complaint submitted in opposition to Defendants' Motion to Dismiss made before an answer has been filed.